Dewey, J.
This was a scire facias issued by a justice of the peace against a constable for a false return of an execution. The writ, after stating that the plaintiffs in error had recovered a judgment against certain persons before the justice, the issuing of a ca. sa. thereon, the placing the same in the hands of the defendant in error, a constable, to be executed, and his disobedience of the precept of the writ, alleges that he made a false return of the execution, “in this, to wit, that the same had been returned by the order of the plaintiffs therein named, when in truth and in'fact, the said plaintiffs never did order said writ to be returned.’-’ The defendant pleaded, “ that the return made by him on said capias ad satisfaciendum was not false, as alleged in said scire facias,” &c. The cause was appealed. It was submitted to the *Circuit Court for trial without evidence, under an agreement that judgment should be rendered against that party on whom devolved the burthen of proof. The Court rendered judgment in favour of the defendant.
We conceive the issue formed by the pleadings to be, whether the plaintiffs in execution did, or did not, direct the constable to return the writ; and that the affirmative was with him. On him, consequently, was the burthen of proof. But the real question on which the decision of the cause must turn is, can the constable avail himself of his own return to support the issue on his part? That the returns of sworn officers are, in actions by or against them, prima facie evidence of their official acts, may be true. Such was held to be the law in Bruce v. Holden, 21 Pick., 187. If the rule were not so, it would sometimes be impossible for officers to establish such *496 acts. But the fact proposed to be proved by the return in the present instance—the direction of the execution-plaintiffs to the constable—was not an ’official act; nor was it of such a character that the safety of the officer required that it should be proved by his return. As he relied upon it as an excuse for not executing the writ,, and as he could easily have furnished himself with other proof of its existence, had he seen fit, we think he was bound to do so. It would be dangerous to permit an officer to screen himself from responsibility for neglect of duty, by simply making a return that he acted under the direction of the injured party. And if such a return is to be evidence, even prima jade, of that fact, it would effectually screen the officer in most cases of neglect, for it would, generally, bo utterly impossible to prove its falsity. But, with proper caution, the officer may be always prepared to show the existence of the alleged excuse if it exist.
J. Pettit, for the plaintiffs.
P. Mace, for the defendant.
It has been urged that the seire jadas is insufficient. Such an objection, if it could at any time have been sustained, was waived by the manner in which this cause was submitted to the Court.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.